THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN OPINION REGARDING A POSSIBLE CONFLICT OF INTEREST EXISTING WHEN A PUBLIC TRUSTEE ENTERS INTO A CONTRACT WITH A CORPORATION IN WHICH HE OWNS 1/25TH OF THE OUTSTANDING STOCK. BECAUSE AT LEAST TWO PREVIOUS OPINIONS OF THE ATTORNEY GENERAL ADDRESS THESE PRECISE ISSUES, NO FURTHER OPINION OF THIS OFFICE WILL BE NECESSARY. I AM ENCLOSING COPIES OF A.G. OPIN. NOS. 80-109 AND 80-145 FOR YOUR CONVENIENCE.
A.G. OPIN. NO. 85-109 FOUND THAT A PUBLIC TRUSTEE COULD NOT HOLD BONDS ISSUED BY HIS PUBLIC TRUST. THIS OPINION RELIED ON A.G. OPIN. NO. 80-145 AND OKLA. CONST. ARTICLE X, SECTION 11 WHICH PROHIBITS PUBLIC OFFICERS FROM HAVING FINANCIAL INTERESTS AND CONTRACTS WITH THE PUBLIC BODIES WITH WHICH THEY ARE AFFILIATED. THE 1985 OPINION FOUND THAT A PUBLIC TRUSTEE WOULD HAVE A PURE CONFLICT OF INTEREST IF HE HELD A CONTRACT (A BOND) WITH THE TRUST. 60 O.S. 178.8 OF TITLE 60, PERMITTED THIS, THE CONSTITUTION PROHIBITED IT.
IN A.G. OPIN. NO. 80-145, THE ATTORNEY GENERAL RULED THAT 60 O.S. 178.8 WAS UNCONSTITUTIONAL IN THAT IT PURPORTED TO AUTHORIZE CONTRACTUAL RELATIONSHIPS BETWEEN PUBLIC OFFICERS AND PRIVATE BUSINESSES IN WHICH THEY WERE AFFILIATED. THE VIEWS OF THE CURRENT ATTORNEY GENERAL ARE NO DIFFERENT FROM THE PAST TWO ATTORNEYS GENERAL. PUBLIC OFFICIALS HAVE NO BUSINESS BEING FINANCIALLY INTERESTED IN PRIVATE BUSINESSES CONTRACTING WITH THEIR GOVERNMENTAL AGENCIES. IT MATTERS NOT THAT THE INDIVIDUAL IN QUESTION IS A "PRINCIPAL STOCKHOLDER OR NOT. THE FACT REMAINS THAT A CONTRACT WITH THAT CORPORATION WILL FINANCIALLY BENEFIT HIM. THAT FACT, IN AND OF ITSELF, CREATES A CONFLICT OF INTEREST UNDER THE OKLAHOMA CONSTITUTION.
(THOMAS L. SPENCER)